MICHAEL T. HUA, ESQ.
Nevada Bar No. 14547
ANJAN GEWALI, ESQ.
Nevada Bar No. 14054
**MICHAEL T. HUA LAW**
6145 W. Spring Mountain Rd., Ste. 201
Las Vegas, Nevada 89146
efile@michaelhua.com
Tel: (702) 852-2228
Fax: (702) 832-0266
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WON JIN CHUNG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>YESCO LLC, a domestic corporation; DOE DRIVER, an individual; DOES I-X, inclusive; and ROES I-X, inclusive,<br><br>Defendants. | Case No.:  2:25-cv-01787- JAD-MDC<br><br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT** |

Plaintiff, WON JIN CHUNG by and through his counsel of record, MICHAEL T. HUA, ESQ., and ANJAN GEWALI, ESQ., of MCHAEL T. HUA LAW, and Defendant YESCO LLC. by and through their counsel of record, JASON PECK, ESQ., of LAW OFFICE OF JASON C. FOULGER, and hereby stipulate and agree that the Plaintiff be allowed to amend the Complaint on file herein to replace the Defendant DOE DRIVER with defendant, "JACK BECK".

///

///

///

Page 1 of 2

A copy of the proposed First Amended Complaint is attached hereto as "Exhibit A."

Dated this 22nd day of January 2026.                    Dated this 19th day of February 2026.

**MICHAEL T. HUA LAW**                                   **LAW OFFICE OF JASON C. FOULGER**


/s/    *Anjan Gewali*                                    /s/ *Jason Peck*
MICHAEL T. HUA, ESQ.                                     JASON PECK, ESQ.
Nevada Bar No. 14547                                     Nevada Bar No. 10183
ANJAN GEWALI, ESQ.                                       LAW OFFICE OF JASON C. FOULGER
Nevada Bar No. 14054                                     7251 West Lake Mead Blvd, Suite 250
6145 Spring Mountain Rd., #201                           Las Vegas, NV 89128
Las Vegas, Nevada 89146                                  *Attorneys for Defendant*
*Attorneys for Plaintiffs*                               *YESCO LLC*

## ORDER

**IT IS ORDERED** that the Plaintiff be allowed to Amend the Complaint to add

Defendant, JACK BECK. Plaintiff shall file the First Amended Complaint by **March 4, 2026**.


IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE


Dated: February 26, 2026

Page 2 of 2

# EXHIBIT A

MICHAEL T. HUA, ESQ.
Nevada Bar No. 14547
ANJAN GEWALI, ESQ.
Nevada Bar No. 14054
**MICHAEL T. HUA LAW**
6145 W. Spring Mountain Rd., Ste. 201
Las Vegas, Nevada 89146
efile@michaelhua.com
Tel: (702) 852-2228
Fax: (702) 832-0266
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WON JIN CHUNG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>YESCO LLC, a domestic corporation; JACK BECK, an individual; DOES I-X, inclusive; and ROES I-X, inclusive.<br><br>Defendants. | Case No.:  2:25-cv-01787- JAD-MDC<br><br><br>**AMENDED COMPLAINT** |

Plaintiff, WON JIN CHUNG, by and through his counsel of record, MICHAEL T. HUA, ESQ., and ANJAN GEWALI, ESQ., of MICHAEL T. HUA LAW, and for his causes of action against Defendants, and each of them, alleges as follows:

1.     That at all times relevant hereto, Plaintiff WON JIN CHUNG("Plaintiff"), was and is a resident of the County of Clark, State of Nevada.

2.     That at all times relevant hereto, Defendant JACK BECK, was and is a resident of the County of Clark, State of Nevada.

3.     Upon information and belief, at all times relevant hereto, Defendant YESCO LLC was and is a foreign corporation, authorized to, and conducting business in, the County of Clark, State of Nevada.

4.     Pursuant to FRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein

Page 1 of 8

as DOES I through X, and ROE CORPORATIONS I through X, are presently unknown to Plaintiff. Upon information and belief these DOE and ROE defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to: unreasonably manufacturing, inspecting, maintaining, operating, repairing any product that caused injury to Plaintiff. ROE and DOE defendants also include but are not limited to:

a) presently unknown employers of defendant(s) who are responsible for the acts of their employees under NRS 41.745, or under the doctrine of respondeat superior;

b) persons involved in the design, manufacturer distribution and placement into the stream of commerce of an unreasonably dangerous and unfit product that caused damages to Plaintiff, and which persons are strictly liable under products liability law; and,

c) known witnesses whose particular culpability is not known at this time but may be made known once true facts are learned.

As the specific identities of these parties are revealed through discovery, the DOE or ROE appellation will be replaced to identify these parties by their true names and capacities. Hereinafter reference to Defendant or Defendants includes DOES and ROES and each of them.

5.    Upon information and belief, Defendants, inclusive of DOES and ROES, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, employer and/or employee of the other, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servant, and employment relationship.

6.    Upon information and belief, Defendants, inclusive of DOES and ROES, and each of them, participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the area and devices referenced herein; DOES and/or ROES include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint ventures, related

companies, subsidiaries, parents, affiliates, predecessors, partners, and/or successors in interest.

**JURISDICTION**

7.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

8.    United States District Court for the District of Nevada has Diversity jurisdiction under 28 U.S.C. § 13342 over this matter.

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as substantial part of the alleged negligent acts giving rise to this matter occurred in the State of Nevada.

**GENERAL ALLEGATIONS**

10.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

11.    On or about April 1, 2024, Defendant JACK BECK, was the driver of a commercial truck that was owned by Defendant YESCO LLC.

12.    Defendant YESCO LLC knowingly entrusted its vehicle to Defendant JACK BECK.

13.    On or about April 1, 2024, Plaintiff was traveling westbound on Dewey Drive, where Plaintiff stopped at a stop sign at the intersection of Decatur Blvd. and Dewey Drive.

14.    At the same time, Defendant JACK BECK was traveling northbound on Decatur Blvd.

15.    The truck was transporting a drill and/or drill bit ("drill").

16.    As Defendant JACK BECK drove through the intersection, the drill fell off the truck and struck Plaintiff's vehicle.

17.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of Defendant JACK BECK, Plaintiff suffered personal injuries. As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of Defendant JACK BECK, Plaintiff required medical care to treat injuries sustained in the motor vehicle accident and will require future treatment.

**FIRST CAUSE OF ACTION**
**(Negligence/Negligence Per Se Against Defendant JACK BECK)**

18.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

19.    Defendant JACK BECK, owed Plaintiff a duty to exercise due care in driving on a public roadway and said actions as described above were a breach of the Defendant's duty to use due

care.

20.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of Defendant JACK BECK, Plaintiff suffered personal injuries.

21.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of Defendant JACK BECK, Plaintiff required medical care to treat injuries sustained in the motor vehicle accident and will require future treatment.

22.    Defendant's actions were in direction violation violated one or more of the following Nevada Revised Statutes, including, but not limited to: NRS 484B.603, which provides, *inter alia*, the duty of a driver to use due care; NRS 484B.253, which provides, *inter alia*, that a "driver, having so yielded and having given a signal when and as required, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn;" and NRS 484B.223, which requires drivers to operate their vehicles within a single lane, and not move from that lane unless it can be done with safety.

23.    Mr. Chung belongs to a class of persons that NRS 484B.603, NRS 484B.253, and NRS 484B.223 was intended to protect Plaintiff was a member of the class(es) that the various Nevada Revised Statutes were intended to protect.

24.    JACK BECK'S violation of NRS 484B.603, NRS 484B.253, and NRS 484B.223 was the legal cause of Mr. Chung's injuries.

25.    Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

26.    Accordingly, pursuant to NRS 41.130, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to use due care when operating a vehicle. NRS 41.130 states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall    suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible

for his conduct, that person or corporation so responsible is liable to the person injured for damages.

27.    The Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to exercise reasonable care for Plaintiffs' protection.

28.    Since the accident, the Plaintiff has experienced pain and suffering, all to their general damages in excess of $15,000.00.

29.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Respondeat Superior — YESCO LLC)

30.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

31.    Upon information and belief, Defendant JACK BECK was an employee and/or agent of Defendant YESCO LLC, and, at the time of the Subject Collision described herein, was operating Vehicle 2 within the course and scope of his employment.

32.    Defendant YESCO LLC owed Plaintiff a duty by and through its duly authorized officers, employees, and actual or apparent agents, including but not limited to Defendant JACK BECK, to exercise reasonable care for the safety of others, including the Plaintiff.

33.    Notwithstanding the aforesaid duty, Defendant JACK BECK, by and through its duly authorized actual or apparent agent, Defendant JACK BECK, carelessly and negligently breached that duty in one or more of the following ways:

a)    Did not keep a proper lookout;

b)    Made a left turn when it was unsafe to do so;

b)    Moved the vehicle from a position of safety when it was unsafe to do so; and,

c)    was otherwise careless and negligent.

37.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the vehicle operated by Defendant JACK BECK, in which Plaintiff was a passenger, was involved in the collision.

### THIRD CAUSE OF ACTION
**(Negligent Entrustment against Defendant YESCO LLC)**

38.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

39.    Defendant YESCO LLC. knowingly entrusted Defendant's vehicle to Defendant JASON BECK.

40.    Upon information and belief, YESCO LLC. permitted JACK BECK to use Vehicle 2 in circumstances where they knew of should have known that such use may create an unreasonable risk of harm to others.

41.    Defendant YESCO LLC. owed Plaintiff a duty to exercise due care when entrusting Defendants' vehicle to Defendant JACK BECK.

42.    Defendant YESCO LLC., entrustment of Defendant's vehicle to Defendant JACK BECK was a breach of the Defendant's duty to exercise due care.

43.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of Defendant YESCO LLC., Plaintiff suffered personal injuries.

44.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and willfulness of the Defendant YESCO LLC., Plaintiff required medical care to treat injuries sustained in the motor vehicle accident and will require future treatment.

45.    Since the accident, the Plaintiff has experienced pain and suffering, all to her general damages in excess of $15,000.00.

46.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Supervision, and Management against Defendant YESCO LLC)**

47.    Plaintiff incorporates all previous paragraphs as though fully set forth herein.

48.    Defendants owed a non-delegable duty to Plaintiff to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors.

49.    YESCO LLC, and each of them, were responsible for the hiring, training, retaining,

supervision, and control of employee(s), including JACK BECK's and/or Defendants' Doe Employees, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including JACK BECK and/or Defendants' Doe Employees, Mr. Chung suffered injuries and damages as herein alleged.

50.     As a direct and proximate result of the actions of Defendants, and each of their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), including JACK BECK and/or Defendants' Doe Employees, Mr. Chung suffered damages and injuries as alleged herein an amount in excess of $15,000.00.

51.     As a direct and proximate result of the acts or omissions of Defendants, Plaintiff was injured and was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

52.     Defendants' acts and omissions were a reckless and conscious disregard for public safety, subjecting Plaintiff to unjust hardship, constituting malice and/or oppression warranting an award of punitive damages.

53.     Plaintiff has been forced to retain the services of an attorney to represent him in this action, and as such is entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff expressly reserves the right to amend the Complaint at the time of the trial of the action herein to include all parties and items of damage not yet ascertained, demand judgment against Defendants, YESCO LLC and JACK BECK, each of the Defendants, jointly and severally, as follows:

///

///

///

1. For general damages in an amount in excess of $15,000.00;

2. For special damages in an amount in excess of $15,000.00;

3. For compensatory damages in an amount in excess of $15,000.00.

4. For punitive damages for the reckless and conscious disregard for the safety of others.

5. Costs of suit incurred including reasonable attorneys' fees.

6. For such other and further relief as the Court may deem just and proper.

DATED this 24th day of February 2026.

**MICHAEL T. HUA LAW**

*/s/ Anjan Gewali*
MICHAEL T. HUA, ESQ.
Nevada Bar No. 14547
ANJAN GEWALI, ESQ.
Nevada Bar No. 14054
6145 Spring Mountain Rd., Ste. 201
Las Vegas, Nevada 89146
*Counsel for Plaintiff*